# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

T.J.K., by and through his mother
and next friend, APRIL TRAMMELL,

    PLAINTIFF,

VS.                                                              CASE NO.: CV-10-J-2449-S

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    DEFENDANT.

## MEMORANDUM OPINION

This matter is before the court on the record and the briefs of the parties. This Court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking Supplemental Security Income (SSI) based on plaintiff's diagnosis of Attention Deficit Hyperactivity Disorder (ADHD).

The plaintiff[1] filed an application for SSI on May 1, 2008 (protective filing date), when he was 10 years old (R. 51). That application was denied and a hearing in front of an administrative law judge (ALJ) was subsequently held on February 8, 2010 (R. 27-50). The ALJ thereafter rendered an opinion finding that the plaintiff was not under a disability at any time through the date of his decision (R. 15-23).

The plaintiff requested administrative review of the ALJ's decision by the Appeals Council, which denied the request for review on August 12, 2010 (R. 4-6).

---

[1]For purposes of this opinion, "plaintiff" refers to the minor child.

The ALJ's decision thus became the final order of the Commissioner of Social Security. *See* 42 U.S.C.§ 405(g). This action for judicial review of the agency action followed (doc. 1).

The plaintiff was born November, 9, 1997, and was in the sixth grade at the time of the hearing (R. 32, 82). The plaintiff's mother testified that the plaintiff had never had to repeat a grade, but had behavioral problems, frustration issues, and trouble paying attention at school and home (R. 33-34, 37-38). He had recently been approved for special education services and since then, his grades had improved (R. 36). His mother testified that the plaintiff did not have problems getting along with others and had friends his own age (R. 44). The plaintiff also had no physical problems or issues caring for himself (R. 45).

The plaintiff has been diagnosed with ADHD, for which he takes medication (R. 42, 114). Since his dosage was adjusted, the plaintiff has no side effects from this medication (R. 41-42). He was also determined to have a Specific Learning Disability (R. 150) for which he receives special education services in math (R. 161).

Plaintiff's regular classroom teacher noted that the plaintiff performed on grade level with reading and writing, but was below grade level in math (R. 151). She noted he struggled with multiple instructions at times and was easily distracted (R. 151-152). She categorized only "carrying out multi-step instructions" as "a serious problem" (R. 153), but he had "obvious problems" in areas such as "waiting to take turns," "working without distracting self or others," "taking turns in a conversation,"

and "handling frustration appropriately" (R. 151-156).  The plaintiff's teacher commented that since taking medication, the plaintiff was "more focused and seems to be on-task with assignments" (R. 157).  His school records further reflect that

> [Plaintiff] was very playful at the beginning of school, but his behavior is better.  He performs better by himself, and his grades fluctuate.  He is a very polite and respectful student.

(R. 159).

In July 2007 the plaintiff was seen at Eastside Mental Health Center, where he was noted to have ADHD, Combined Type, and assigned a GAF of 55 (R. 194-198). A December 2007 record denotes the plaintiff was referred by his pediatrician because of hyperactive, disruptive and impulsive behaviors, and was again assigned a GAF of 55 (R. 190).  Records from Dr. Paoletti in June 2008 reflect that the plaintiff "[f]inished up school with mostly A's, promoted to 5th grade .... In the home, still gets into it with brother.  Medication with benefits, no side effects reported...." (R. 193).

The plaintiff was referred by Social Security to Dan Lowery, Ph.D., for psychological evaluation in July 2008 (R. 200).  Dr. Lowery found the plaintiff's concentration and attention to be below average, his immediate memory was normal but his delayed recall was mildly to moderately impaired, and his recent and remote memory was normal (R. 202).  He agreed with the diagnosis of ADHD, but assigned a GAF of 75 (R. 203).  Dr. Lowery further noted that the plaintiff's behaviors and recall were consistent with a diagnosis of ADHD, and that the plaintiff's medication

seemed to be managing symptoms well, as his grades improved and his behavioral problems diminished (R. 203). He recommended continued counseling but added that "[o]verall, [plaintiff] appears to be a well-adjusted ten year-old who is functioning well on his ... medication" (R. 203).

The plaintiff was also evaluated by Fred Basiani, Ph.D., on referral from his pediatrician, in December 2009 (R. 221). The plaintiff reported that he got along well with other children his own age, had more than four close friends, and planned to try out for the football team (R. 222). His mother reported that the plaintiff was normally happy but recently more things seemed to irritate him, and that he had some problems with attention and understanding appropriate social rules (R. 222). Dr. Basiani administered several assessment tests, which he believed resulted in accurate measures of plaintiff's abilities (R. 223). Dr. Basiani concluded that the plaintiff was

> shy but ... compliant and cooperative throughout the evaluation. He answered all questions that were asked of him but sometimes gave up easily if he didn't know an answer. He was observed to fidget and become slightly inattentive at times, in which he would ask for questions to be repeated .... Based on the results of the current evaluation, [plaintiff's] overall cognitive abilities ranged from Low Average to Average compared to those of his same-age peers. Specifically, his verbal comprehension abilities were significantly lower than his perceptual reasoning and working memory abilities .... Along with his attention difficulties, [plaintiff] additionally reported some concerns related to anxiety and somatic problems. Thus, given the results of this evaluation and consistent with the other previous and current evaluations, [plaintiff's] current cognitive and behavioral functioning meet criteria for a diagnosis of **Attention-Deficit/Hyperactivity**

**Disorder, By History**. All of this considered, there is much hope for [plaintiff's] future success....

(emphasis in original)(R.226). Dr. Biasini concluded by making numerous recommendations, and assigning a GAF of 70.

An Eastside Mental Health record from plaintiff's therapist in December 2009 reflects that the plaintiff's level of improvement was inconsistent, but also states that the plaintiff reported his symptoms to be improved since his medication was changed (R. 231). A GAF of 55 was assigned, although nothing in this record reflects why this was reflective of plaintiff's functioning at that time (R. 231-233). When seen in January 2010 by Dr. Paoletti, the plaintiff's report card was noted to be "significantly improved," his grades had improved since his move to special education classes for math, and his medication was noted to be working well (R. 234).

In his March 19, 2010, decision, the ALJ found that the plaintiff was not disabled at any time since May 1, 2008, the date his application was filed (R. 22). The ALJ found that no evidence reflects more than mild limitations, and specifically found the plaintiff to have less than marked limitations in acquiring and using information, attending and completing tasks, and interacting and relating with others, and found no limitations in moving about and manipulating objects, caring for himself, and health and physical well-being (R. 22).

The plaintiff argues that the Administrative Law Judge applied improper legal standards, that he erred in evaluating the severity of plaintiff's many impairments,

5

erred in not evaluating the newly submitted evidence, and erred in failing to fully develop the record. The plaintiff argues that the ALJ failed to show good cause why the opinion of the plaintiff's treating source, the consultative examiner and the plaintiff's mother should not be given substantial or considerable weight. Plaintiff's brief, at 5. He next argues that he meets Listing 112.11 for ADHD, and that the evidence submitted to the Appeals Council consisting of the Eastside Mental Health Center records for December and January 2010 contrasts with the ALJ's decision. Plaintiff's brief at 6, 7. Lastly, the plaintiff asserts the ALJ erred in failing to obtain a consultative evaluation which included an IQ test. Plaintiff's brief at 8.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988). The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701.  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir.1984).

    The court has considered the plaintiff's arguments.  Given the evidence in the record, the court is unable to conclude that the decision of the ALJ is against the substantial weight of the evidence. Both consultative examiners, plaintiff's treatment records, plaintiff's school records, and plaintiff's mother's testimony all reflect that the plaintiff does have ADHD and does have some limitations and behavioral problems.  However, each of these sources note that medication helps with plaintiff's symptoms, that his grades have improved as a result of the medication, and that he has no marked or severe limitations.  At no point did the ALJ discredit the testimony of plaintiff's mother, teachers or treating sources, as alleged by plaintiff.  Plaintiff's brief at 6.  Rather, each of these sources were in accordance with each other, eliminating the need to discredit any of them.

    Similarly, while the plaintiff argues that his impairments do meet Listing 112.11, there is simply no evidence to support this claim.  Although the plaintiff accuses the ALJ of ignoring the consultative examiner's suggestion that the plaintiff should have been IQ tested (plaintiff's brief at 7), the plaintiff had such testing, and was found to be in the average to below average range.  The ALJ also considered this evidence.

    Similarly, the plaintiff's claim that the Eastside Mental Health Center records from December 2009 and January 2010 "certainly contrast with the ALJ decision"

(plaintiff's brief at 7) is again unsupported by the evidence. The therapist noted in December 2009 that the plaintiff reported his symptoms under control, that he passed the fifth grade and started sixth, and that his mother was successful in getting him tested for special education (R. 231). In January 2010 the plaintiff's grades were noted to be "significantly improved, " his medication was noted to be working well, and he had no side effects (R. 234). These records simply do not "contrast" with the ALJ's finding that the plaintiff had no more than "less than marked" limitations in any domain.

Based on a consideration of all of the evidence, and for the reasons set forth herein, this case is **AFFIRMED.**

**DONE** and **ORDERED** the 28th day of March, 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE